IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILLIP S. SETTLES, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-17-CV-01272-DAE |
| vs. | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant.* | § | |

### ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiff's Motion to Exclude James Lineback, M.D.'s Testimony [#54]. The motion was referred to the undersigned for disposition on December 27, 2018 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. In reviewing the motion, the Court also considered Defendant's Response to Plaintiff's Motion [#60] and Plaintiff's Reply [#61]. The Court held a hearing on the motion on March 26, 2019, at which both parties were present as represented by counsel. After considering the motion, response, and reply, the relevant portions of the record in this case, the exhibit submitted by Plaintiff (Exhibit 8 to Dr. Lineback's deposition), and the arguments of counsel at the hearing, the Court orally granted in part and denied in part Plaintiff's motion. The Court now memorializes its oral ruling with this written Order.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude James Lineback, M.D.'s Testimony [#54] is **GRANTED IN PART** as follows: Dr. Lineback is precluded from testifying that Plaintiff has a life expectancy of less than five years or that Plaintiff has a life expectancy of any specific term of months or years due to the inherently speculative nature of such testimony. Defendant did not carry its burden to prove that this testimony or Dr. Lineback's methodology is

scientifically reliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993) and Rule 702 of the Federal Rules of Evidence.

**IT IS FURTHER ORDERED** that in all other respects the motion is **DENIED**. Dr. Linebeck is qualified as a board-certified physician to testify at trial as follows: He may analyze, synthesize, and summarize for the finder of fact the scientific literature on the impacts of various diseases (including the impacts of simultaneously occurring conditions) on life expectancy generally; he may consider and comment on the literature in light of Plaintiff's specific diagnoses and medical conditions; he may provide the fact finder with various data points based on his treatment of other patients with comparable conditions; and he may render opinions on the general impact of Plaintiff's conditions on life expectancy in comparison to the average life expectancy of a Hispanic male of his age as set forth in actuarial tables. These rulings are made without prejudice to any party re-urging objections to testimony and other evidence through motions in limine or during trial.

**IT IS SO ORDERED**.

SIGNED this 27th day of March, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE